UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| Maribel Rosario, Luz Tintinagoz, Judy Rehrig, Walid Nadrams, Barry Demko, Maria Lopez, Jesica Marin, Delinda Santiago, Carlos Cordero, Juana Cordero, Joseph Barner, Isaac Maldonado, Tanika Johnson, Juana Espinal, Polly Bieber, Dorothea Wolbach, Alvin Oltevo, Miledis Rosario DeCestino, Brenda Vera, Maria Sanchez, Maria Soler, Grisette Quiones, Ana Parez, Virginia Maldonado, Estella Faust, Barbara Repasch, Rode Espinal, Carlene Haas, Nicole Fenstarmaker, Rosa Figueroa, Donna Betz, Belinda Diaz, Mike Cech, Jacqueline Canales, Jeffrey Delbrey, Llanely Hernandez, Batania Pinentel, Ariselle Pineda, Candy Zavala, Debbie Hausrath, Telma Sorto, Maria Theu, Yuclerca Lausell, Giana Lopez, Mayra Munoz, Tina Reppertq, Michael DeHaven, Sherrie Anabui, Eric Montoya, Melissa Fermin, Ana Sanchez, Brendaliz Aponte,  Urbana Lalamn, Lucie Strohl, Limary Ortiz, Wayne Chenevert, Jessica Marinez, Dana Cappel, Darlene Perry, Diane Kelchner, Justina Keelan, Nicole Tucker, Gloria Knappenberger, Jennifer Wilson, Carolyn Kilian, Mae Kline, Klyde Twiss, Veronica Margiotto, Margaret Tichy, Katholine McEldridge, Jesus Elias, Joffre Ojeda, Foten Awid, Kenneth Swayer, Wanda Munoz, Sandra Gonzalez, individually and on behalf of similarly situate employees, | Civil Action No. 15–_____ |
| Plaintiffs, | |
| v. | |

First Student Management LLC, and
First Student Inc.,
                Defendants.

## COMPLAINT

AND NOW COME Maribel Rosario, Luz Tintinagoz, Judy Rehrig,

WalidNadrams, Barry Demko, Maria Lopez, Jesica Marin, Delinda Santiago,

Carlos Cordero, Juana Cordero, Joseph Barner, Isaac Maldonado, Tanika Johnson,

Juana Espinal, Polly Bieber, Dorothea Wolbach, Alvin Oltevo, Miledis Rosario

DeCestino, Brenda Vera, Maria Sanchez, Maria Soler, Grisette Quiones, Ana

Parez, Virginia Maldonado, Estella Faust, Barbara Repasch, Rode Espinal, Carlene

Haas, Nicole Fenstarmaker, Rosa Figueroa, Donna Betz, Belinda Diaz, Mike Cech,

Jacqueline Canales, Jeffrey Delbrey, Llanely Hernandez, Batania Pinentel, Ariselle

Pineda, Candy Zavala, Debbie Hausrath, Telma Sorto, Maria Theu, Yuclerca

Lausell, Giana Lopez, Mayra Munoz, Tina Reppertq, Michael DeHaven, Sherrie

Anabui, Eric Montoya, Melissa Fermin, Ana Sanchez, Brendaliz Aponte, Urbana

Lalamn, Lucie Strohl, Limary Ortiz, Wayne Chenevert, Jessica Marinez, Dana

Cappel, Darlene Perry, Diane Kelchner, Justina Keelan, Nicole Tucker, Gloria

Knappenberger, Jennifer Wilson, Carolyn Kilian, Mae Kline, Klyde Twiss,

Veronica Margiotto, Margaret Tichy, Katholine McEldridge, Jesus Elias, Joffre

Ojeda, Foten Awid, Kenneth Swayer, Wanda Munoz, Sandra Gonzalez (hereafter

"Plaintiffs"), by and through their legal counsel and aver as follows:

1. Plaintiffs bring this action on behalf of themselves and a class of other similarly situated employees seeking to require defendants to pay back wages owed to plaintiffs and the proposed plaintiff class, which defendants failed to pay pursuant to state and Federal law.

**Parties**

2. Maribel Rosario is a resident of Pennsylvania, Lehigh County, and a true copy of a "Consent to Join" form is attached hereto.

3. Luz Tintinagoz is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

4. Judy Rehrig is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

5. Walid Nadrams is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

6. Barry Demko is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

7. Maria Lopez is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

8. Jesica Marin is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

9.  Delinda Santiago is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

10. Carlos Cordero is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

11. Juana Cordero is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

12. Joseph Barner is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

13. Isaac Maldonado is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

14. Tanika Johnson is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

15. Juana Espinal is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

16. Polly Bieber is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

17. Dorothea Wolbach is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

18. Alvin Oltevo is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

19. Miledis Rosario DeCestino is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

20. Brenda Vera is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

21. Maria Sanchez is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

22. Maria Soler is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

23. Grisette Quiones is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

24. Ana Parez is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

25. Virginia Maldonado is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

26. Estella Faust is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

27. Barbara Repasch is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

28. Rode Espinal is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

29. Carlene Haas is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

30. Nicole Fenstarmaker is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

31. Rosa Figueroa is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

32. Donna Betz is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

33. Belinda Diaz is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

34. Mike Cech is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

35. Jacqueline Canales is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

36. Jeffrey Delbrey is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

37. Llanely Hernandez is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

38. Batania Pinentel is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

39. Ariselle Pineda is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

40. Candy Zavala is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

41. Debbie Hausrath is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

42. Telma Sorto is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

43. Maria Theu is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

44. Yuclerca Lausell is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

45. Giana Lopez is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

46. Mayra Munoz is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

47. Tina Reppertq is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

48. Michael DeHaven is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

49. Sherrie Anabui is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

50. Eric Montoya is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

51. Melissa Fermin is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

52. Ana Sanchez is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

53. Brendaliz Aponte is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

54. Urbana Lalamn is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

55. Lucie Strohl is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

56. Limary Ortiz is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

57. Wayne Chenevert is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

58. Jessica Marinez is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

59. Dana Cappel is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

60. Darlene Perry is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

61. Diane Kelchner is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

62. Justina Keelan is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

63. Nicole Tucker is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

64. Gloria Knappenberger is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

65. Jennifer Wilson is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

66. Carolyn Kilian is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

67. Mae Kline is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

68. Klyde Twiss is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

69. Veronica Margiotto is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

70. Margaret Tichy is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

71. Katholine McEldridge is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

72. Jesus Elias is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

73. Joffre Ojeda is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

74. Foten Awid is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

75. Kenneth Swayer is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

76. Wanda Munoz is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

77. Sandra Gonzalez is a resident of Pennsylvania and a true copy of a "Consent to Join" form is attached hereto.

78. First Student Management LLC ("First Student"), is a foreign corporation with offices located at 1812 South 12th Street, Allentown, Pennsylvania.

79. First Student Inc., is a foreign corporation with its principal offices located at 705 Central Avenue, Cincinnati, Ohio, and is the parent corporation of First Student Management LLC.

80. At all times hereto, First Student Management LLC acted as an agent or alter ego of First Student Inc., thereby rendering First Student Inc. liable for any and all acts or omissions on the part of First Student Management LLC.

81. Collectively, First Student Management LLC and First Student Inc. are hereafter referred to as "First Student".

### Introduction

82. In and before 2013, Plaintiffs were employed by First Student as bus drivers and driver assistants, in the intrastate transportation of students to local municipal schools and providing students intrastate transportation to extracurricular activities such as football and soccer games.

### The Bus Yards

83. Upon information and belief, between 2013 and the date of this complaint, First Student operated and/or continues to operate out of approximately thirty-seven (37) separate bus yards in the state of Pennsylvania.

84. First Student operates a bus yard located at 1812 S 12th Street, Allentown, Pennsylvania 18103.

85. First Student operates a bus yard located at 1230 Huntingdon Road, Abington, Pennsylvania 19001.

86. First Student operates a bus yard located at 934 Main Street, Darby, Pennsylvania 19023.

87. First Student operates a bus yard located at 557 Red Lion Road, Huntingdon Valley, Pennsylvania 19006.

88. First Student operates a bus yard located at 50 Oreland Place, Oreland, Pennsylvania 19075.

89. First Student operates a bus yard located at 1065 Belvoir Road, Plymouth Meeting, Pennsylvania 19462.

90. First Student operates a bus yard located at 470 South State Street, Newtown, Pennsylvania 18940.

91. First Student operates a bus yard located at 895 Swamp Road, Rushland, Pennsylvania 18956.

92. First Student operates a bus yard located at 3435 Trewigtown Road, Colmar, Pennsylvania 18915.

93. First Student operates a bus yard located at 4070 Skyron Drive, Doylestown, Pennsylvania 18902.

94. First Student operates a bus yard located at 3871 Old Harrisburg Pike, Mount Joy, Pennsylvania 17552.

95. First Student operates a bus yard located at 100 Liberty Lane, Chalfont, Pennsylvania 18914.

96. First Student operates a bus yard located at 1 School Lane, Brodheadsville, Pennsylvania 18322.

97. First Student operates a bus yard located at 99 Billott Avenue, North Huntingdon, Pennsylvania 15642.

98. First Student operates a bus yard located at 101 Old Franktown Road, Placeum, Pennsylvania 15239.

99. First Student operates a bus yard located at 67 Main Street, Manor, Pennsylvania 15665.

100. First Student operates a bus yard located at 200 Hahn Road, Pittsburgh, Pennsylvania 15209.

101. First Student operates a bus yard located at 119 Wall Avenue, Wilmerding, Pennsylvania 15148.

102. First Student operates a bus yard located at 188 W Bridge Street, New Hope, Pennsylvania 18938.

103. First Student operates a bus yard located at 150 South 24th Street, Pittsburgh, Pennsylvania 15203.

104. First Student operates a bus yard located at 22 School Drive, Kintnersville, Pennsylvania 18930.

105. First Student operates a bus yard located at 1950 Crooked Hill Road, Harrisburg, Pennsylvania 17110.

106. First Student operates a bus yard located at 5947 Pennsylvania-981, Latrobe, Pennsylvania 15650.

107. First Student operates a bus yard located at 3354 West Beersville Road, Northampton, Pennsylvania 18067.

108. First Student operates a bus yard located at 3460 Pennsylvania-981, Mount Pleasant, Pennsylvania 15666.

109. First Student operates a bus yard located at 3740 Pennsylvania-136, Greensburg, Pennsylvania 15601.

110. First Student operates a bus yard located at 6261 Sullivan Trail, Nazareth, Pennsylvania 18064.

111. First Student operates a bus yard located at 2202 S Market Street, Elizabethtown, Pennsylvania 17022.

112. First Student operates a bus yard located at 461 Spruce Street, Middletown, Pennsylvania 17057.

113. First Student operates a bus yard located at 1010 Clearview Drive, Latrobe, Pennsylvania 15650.

114. First Student operates a bus yard located at 3742 W 26th Street, Erie, Pennsylvania 16506.

115. First Student operates a bus yard located at 2300 Greensburg Road, New Kensington, Pennsylvania 15068.

116. First Student operates a bus yard located at 4952 Admiral Peary Highway, Ebensburg, Pennsylvania 15931.

117. First Student operates a bus yard located at 830 Route 910, Cheswick, Pennsylvania 15024.First Student operates a bus yard located at 531 Fishing Creek Road, Lewisberry, Pennsylvania 17339.

118. First Student operates a bus yard located at 3130 Pennsylvania-100, Macungie, Pennsylvania 18062.

119. In and before 2013, and persisting until the time of this complaint, defendant First Student violated federal and state law by failing to abide by the respective wage and hour laws.

120. First Student's acts and omissions constituting violations include, but are not limited to, refusing to pay drivers and assistants for time actually spent working for First Student, failing to pay employees "time and a half" for all overtime, and failing to keep accurate time records.

121. Plaintiffs bring the Federal Law claims, Counts I and II, in this action pursuant to the Fair Labor Standards Act and the Portal to Portal Act, seeking unpaid wages, liquidated damages, interest, costs of suit, and counsel fees.

122. Plaintiffs bring the state law claim, Counts III and IV, in this action pursuant to section 9.1(b) of Pennsylvania's Wage Payment and Collection Law (WPCL) law on their own behalf and on behalf of employees similarly situated, seeking unpaid wages, liquidated damages, counsel fees, and cost.

## Jurisdiction and Venue

123. Jurisdiction over Plaintiffs' federal claims alleged in Counts I through II is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standard Act ("FLSA") and 28 U.S.C. § 1331 (Federal Question).

124. Jurisdiction over Plaintiffs' state law claims alleged in Counts III through VI is conferred upon this Court by 28 U.S.C. §1367(a)(Supplemental Jurisdiction).

125. Because many of the alleged acts or omissions occurred in Pennsylvania, Lehigh County, venue is properly laid in this Court per 28 U.S.C. §1391.

## Interstate Commerce

126. Upon information and belief, First Student is a nationwide provider of student transportation with operations in 42 different states.

127. Upon information and belief, First Student operates an enterprise engaged in interstate commerce within the meaning of the FLSA.

128. Upon information and belief for each of the three (3) years preceding the filing of this complaint, First Student has employed 2 or more individuals

"handling, selling, or otherwise working on goods or materials that be been moved or produced for commerce."

129. Upon information and belief, First Student grossed more than $500,000.00 in the past fiscal year.

130. Plaintiffs, and members of the Plaintiff Class, at all time relevant hereto were "employee(s)" as the term is defined by federal and state law.

131. First Student was, at all times relevant hereto, an "employer" as that term is defined by federal and state law.

**Allegations as to Willful Violations**

132. Upon information and belief, First Student's violations in this case were "willful" violations and not the result of any mistaken impression of the applicable law as they were warned of the impropriety of their conduct on multiple occasions.

133. Based on pre-suit investigation, Plaintiffs have discovered multiple violations of federal wage and hour laws and similar state wage and hour laws which are set forth below.

134. Pursuant to two (2) Freedom of Information Act (FOIA) requests, Plaintiffs secured multiple investigations by the United States Department of Labor (USDOL) of First Student and its subsidiaries for a period of ten (10) years. Contained with the production were six (6) instances of First Student

violating the FLSA, ultimately resulting in the imposition of civil penalties

as a result of First Student's "history of violations." The relevant

investigations are summarized as follows:

    a.  Case 1321753. Investigation report dated 2/24/04, location

        Hudson, New Hampshire. First Student's contention that school

        bus drivers are exempt from overtime under the FLSA was

        rejected. Total overtime back-wages due: $5,245.00.

    b.  Case 1332520. Investigation report dated 9/11/04, location

        Hanson, Massachusetts. First Student's contention that school bus

        drivers are exempt from overtime under the FLSA was rejected.

        Total overtime back-wages due: $3,081.61.

    c.  Case 1455596.  Investigation report dated 12/27/11, location

        Sheffield Ohio. First Student violated FLSA and directed to pay 52

        bus drivers for overtime. Total overtime back-wages due:

        $16,707.73.

    d.  Case 1525848. Investigation report dated 11/21/08, location Elyria,

        Ohio. First Student's violated FLSA and directed to pay bus driver

        for overtime. Total overtime back-wages due: $185.31.

    e.  Case 1537033. Investigation report dated 7/30/09, location

        Englewood, New Jersey. First Student was order to pay back-

wages and overtime to school bus dispatchers pursuant to a "self-audit". Total overtime back-wages due: $420,428.61.

    f. <u>Case 1560444</u>. Investigation report dated 10/5/10, location St. Louis, Missouri. First Student found to have violated FLSA for two employees. Civil penalties assessed due to First Student's "history of violations." Total overtime back-wages due: $2,230.88.

    g. <u>Case 1455596</u>. Investigation report dated 12/27/11, location Hudson, New Hampshire. First Student's contention that school bus drivers are exempt from overtime under the FLSA was rejected. Total overtime back-wages due: $5,245.00.

135. Pursuant to an Open Records Act request, Plaintiffs secured multiple investigations by the New Jersey Department of Labor and Workforce Development (NJDOL) concerning First Student and its subsidiaries for a period of ten (10) years.  Contained within the production were six (6) instances of First Student violating the New Jersey's Wage and Hour law, ultimately resulting in the imposition of significant civil penalties as a result of First Student's "history of violations." The relevant investigations are summarized as follows:

    a. <u>Case GE-1268-0611-WAL</u>. Investigation report dated 4/25/11, location Lawnside, New Jersey. First Student was ordered to pay

$439.27 in wages, $43.93 in fees and a penalty of $500.00.

b. <u>Case GE-1947-0711-MAT</u>. Investigation report dated 9/17/11, location Englewood, New Jersey. First Student was ordered to pay a penalty of $500.00 for the failure to promptly pay wages.

c. <u>Case GE-2861-0804-HOL</u>. Investigation report dated 6/21/04, location Englewood, New Jersey. First Student was ordered to pay $10,630.78 in wages, $1,063.08 in fees and a penalty of $2,000.00.

d. <u>Case GE-4002-1206-HAO</u>. Investigation report dated 12/6/06, location Delran, New Jersey. First Student was ordered to pay $1,637.40 in wages, $163.74 in fees and a penalty of $250.00.

e. <u>Case GE-1789-0308-KEL</u>. Investigation report dated 3/7/08, location Gardner, New Jersey. First Student was ordered to pay a penalty of $250.00 for the failure to keep payroll records.

f. <u>Case GE-1825-0610-MUL</u>. Investigation report dated 7/12/10, location Great Meadows, New Jersey. First Student was ordered to pay $405.27 in wages, $40.53 in fees and a penalty of 50.00.

136. Pursuant to an open records request directed to the State of Illinois, plaintiffs discovered six (6) instances of First Student violating Illinois wage and hour laws.

137. The relevant investigations are summarized as follows:

g. <u>IDOL File No.: 10-002763</u>. Wage Payment Demand dated 5/10/11, location Naperville, Illinois, the Honorable Michael Haggerty, ALJ, ordered First Student to pay $162.50 in unpaid wages.

h. <u>IDOL File No.: 10-004519</u>. Wage Payment Demand dated 1/24/11, First Student was ordered to pay $135.50 in unpaid wages.

i. <u>IDOL File No.: 10-000755</u>. Wage Payment Demand dated 11/16/11, location Springfield, Illinois, the Honorable Michael Haggerty, ALJ, ordered First Student pay $1,427.31 in unpaid wages.

j. <u>IDOL Wage Claim No.: 11-003316</u>.  Wage Payment demand dated 12/03/12, location Naperville, Illinois, the Honorable Sharon Ballin, ALJ, ordered First Student to pay $13,296.80 in unpaid wages and $4,450.00 in liquidated damages.

k. <u>IDOL File No.: 12-001693</u>.  Pursuant to a Wage Claim dated 3/18/12, location South Holland, Illinois, First Student pay $43.10 in unpaid wages.

l.

138. Federal law and the relevant federal regulations require that First Student maintain time records. <u>See</u>, 29 <u>U.S.C.A</u>. § 211(c).

139. Pennsylvania state law also requires the maintenance of adequate time

records and it is a summary offense in the State of Pennsylvania for an employer not to maintain such records.

140. First Student does not maintain time records, but rather estimates payroll based on timestamps provided through an equipment inspection system which produced Electronic Vehicle Inspection Reports ("the EVIR system"), for inspection records required to be maintained pursuant to Federal Department of Transportation regulations.

141. Pennsylvania law directs that every employee shall be paid for all time which they must be present at the employer's place of business; and,

142. Pennsylvania law directs that every employee shall be paid 1.5 their regular wage for all hours worked beyond 40 hour in any given week.

143. First Student consistently fails to pay employees for all time worked.

144. Upon information and belief, First Student's decision to fail to pay proper wages was a calculated choice risking the chance of prosecution against the cumulative savings from non-payment of wages due and owing.Because First Student's history bespeaks of willful violations of both federal and state wage and hour laws, the three (3) year statute of limitations under the FSLA applies in this matter.

**Class Representation FLSA - Counts I through II**

145. Pursuant to 29 U.S.C. §216(b), plaintiffs bring the claims alleged in Counts

I through II on behalf of themselves and an opt-in class of all persons who were or will be hourly non-exempt bus drivers and driver assistants employed by First Student, who earned, but did not receive proper payment under federal law ("the Proposed FLSA Class").

146. Plaintiffs contend that there are common factual issues that bind the proposed class members, including, but not limited to the following factual issues:

   a. Whether the proposed members of the Proposed FLSA Class are non-exempt hourly employees of the defendants as that term is defined under the FLSA;

   b. Whether the proposed members of the Proposed FLSA Class are non-exempt hourly employees that are and were adversely affected by the failure of the defendants to properly calculate hours worked by the employees;

   c. Whether the proposed members of the Proposed FLSA Class are non-exempt hourly employees that are and were adversely affected by defendants' failure to pay one and half times of an employee's rate of pay for all hours worked in excess of forty hours in a given work week;

   d. Whether the defendants' past conduct, as a factual matter, reflects a

willful violation of the FLSA and/or applicable state wage and hour laws;

e.  Whether the defendants failed to properly maintain accurate time records in violation of the FLSA and/or applicable state wage hour laws;

f.  In the event of a favorable result in favor of the plaintiffs, what the proper measure of counsel fees and costs awardable to plaintiffs under the FLSA and/or applicable state wage and hour laws;

g.  Whether the defendants' process of presuming run time with an exception system shifting the burden of proper time keeping to the employees violates the FLSA and/or applicable state wage hour laws.

147.  Plaintiffs contend that there are common legal issues that bind the proposed class members, including, but not limited to the following legal issues:

a.  Whether the claims of proposed members of the Proposed FLSA Class require the application of the Fair Labor Standards Act;

b.  Whether the claims of proposed members of the Proposed FLSA Class require application of the states' applicable wage and hour laws;

c.  Whether the defendants' past conduct, as a legal matter, reflects a willful violation of the FLSA and/or applicable state wage and hour

laws.

148.   Plaintiffs contend that judicial efficiency will be furthered by litigating

this matter as a representational basis as opposed to an individual basis

because, including, but not limited to, the following reasons:

    a.   The proposed class exceeds 1000 potential claimants and thus

       consolidated litigation of the common issues furthers judicial

       economy in that litigating the common issues would take a

       significantly greater amount of time;

    b.   The nature of the evidence in this matter consists of millions digital

       records and to marshalling and presenting this evidence in a single

       representation matter as opposed to reproducing this production in

       multiple individual matters which will require a significant additional

       amount of time.

149.   Plaintiffs contend that remedial policies underlying the FLSA would be

furthered if this matter is litigated in a representational manner as opposed to

on an individual basis, because, included but not limited to, the following

reasons:

    a.   The remedial purpose of protecting those employees who are

       receiving a minimum wage is furthered by litigating this matter in a

       representational manner since the time and expense in litigating the

claims presented in this manner are disproportionate to the quantum of potential damages on an individual basis; thus making litigating these claim on an individual basis impractical.

b. The remedial purpose of ensuring employers comply with the FLSA and/or applicable state wage and hour laws is furthered by litigating this matter in a representational manner since litigating these matters on an individual basis would significantly reduce the risk of exposure to the defendants and as such the defendants would probably view any such exposure as a risk of doing business which would encourage them to continue to violate the FLSA and/or applicable state wage and hour laws.

### Class Representation - WPCL -Counts III through IV

150.  Pursuant to the Pennsylvania state law, Plaintiffs bring the claims alleged in Counts III through IV on behalf of themselves and similarly situated employees who were or will be hourly non-exempt bus drivers and driver assistants employed by First Student, who earned, but did not receive proper payment under state law ("the Proposed WPCL Class").

151. Plaintiffs contend that there are common factual issues that bind the proposed class members, including, but not limited to the following factual

issues:

    a.  Whether the proposed members of the Proposed FLSA Class are non-exempt hourly employees of the defendants as that term is defined under the FLSA;

    b.  Whether the proposed members of the Proposed FLSA Class are non-exempt hourly employees that are and were adversely affected by the failure of the defendants to properly calculate hours worked by the employees;

    c.  Whether the proposed members of the Proposed FLSA Class are non-exempt hourly employees that are and were adversely affected by defendants' failure to pay one and half times of an employee's rate of pay for all hours worked in excess of forty hours in a given work week;

    d.  Whether the defendants' past conduct, as a factual matter, reflects a willful violation of the FLSA and/or applicable state wage and hour laws;

    e.  Whether the defendants failed to properly maintain accurate time records in violation of the FLSA and/or applicable state wage hour laws;

    f.  In the event of a favorable result in favor of the plaintiffs, what the

proper measure of counsel fees and costs awardable to plaintiffs under the FLSA and/or applicable state wage and hour laws;

g.  Whether the defendants' process of presuming run time with an exception system shifting the burden of proper time keeping to the employees violates the FLSA and/or applicable state wage hour laws.

152.  Plaintiffs contend that there are common legal issues that bind the proposed class members, including, but not limited to the following legal issues:

a.  Whether the claims of proposed members of the Proposed FLSA Class require the application of the Fair Labor Standards Act;

b.  Whether the claims of proposed members of the Proposed FLSA Class require application of the states' applicable wage and hour laws;

c.  Whether the defendants' past conduct, as a legal matter, reflects a willful violation of the FLSA and/or applicable state wage and hour laws.

153.  Plaintiffs contend that judicial efficiency will be furthered by litigating this matter as a representational basis as opposed to an individual basis because, including, but not limited to, the following reasons:

a.  The proposed class exceeds 1000 potential claimants and thus consolidated litigation of the common issues furthers judicial

economy in that litigating the common issues would take a

significantly greater amount of time;

b. The nature of the evidence in this matter consists of millions digital

records and to marshalling and presenting this evidence in a single

representation matter as opposed to reproducing this production in

multiple individual matters which will require a significant additional

amount of time.

154. Plaintiffs contend that remedial policies underlying the FLSA would be

furthered if this matter is litigated in a representational manner as opposed to

on an individual basis, because, included but not limited to, the following

reasons:

a. The remedial purpose of protecting those employees who are

receiving a minimum wage is furthered by litigating this matter in a

representational manner since the time and expense in litigating the

claims presented in this manner are disproportionate to the quantum of

potential damages on an individual basis; thus making litigating these

claim on an individual basis impractical.

b. The remedial purpose of ensuring employers comply with the FLSA

and/or applicable state wage and hour laws is furthered by litigating

this matter in a representational manner since litigating these matters

on an individual basis would significantly reduce the risk of exposure to the defendants and as such the defendants would probably view any such exposure as a risk of doing business which would encourage them to continue to violate the FLSA and/or applicable state wage and hour laws.

## COUNT I

### (FLSA - Straight Time Claim)

155. At the time First Student has agreed to a contract to provide student transportation for a particular school district, First Student secures an estimate as to the approximate time it would take to drive each route under the contract ("Estimated Route Times").

156. These Route Estimates are imputed to a computer program named FOCUS.

157. These Route Estimates are compiled for each driver to form a "Standard Hours" estimate of the projected time the employee will work for a given week.

158. At the start of each work day the FOCUS system generates an agenda of bus route tasks that must be performed and assigns a driver to each route.

### (a) Preliminary and Postliminary Activities

159. The drivers and assistants are instructed to appear at First Student's bus

yard at a pre-designated time, typically 7:30 a.m. for morning runs and 1:30 p.m. for afternoon runs.

160. At the time they arrive at the yard, the drivers and assistants sign in line to receive their route assignment for the day.

161. After receiving their assignments and keys, the drivers, accompanied in most instances by their assistants (bus aides/monitors), proceed to their bus.

162. Once at the bus, the driver logs into the EVIR system with their employee badge.

163. It is at this time the driver/aide is "on the clock".

164. Even though drivers and assistants arrive at First Student's work site at a pre-designated time, they are not paid "on the clock" until they store the inspection report in the EVIR system.

165. Plaintiffs estimate that on average, the time between when the employee reports for work, secures their work assignment, commence their inspection and the point in time they swipe into the EVIR system, six minutes have elapsed.

166. Defendants are not recording the time expended by their employees for these "preliminary activities" and the employees are not being paid for these preliminary activities.

167. The aforementioned preliminary activities are an essential element of the

Driver's duties under Federal and state law and pursuant to First Student's own policies.

168. When the drivers return to the lot after their bus run, they are required by law and pursuant to First Student requirements to conduct a post-trip inspection on their vehicle.

169. Once the driver's vehicle is parked, the Driver again logs into the EVIR system.

170. It is at this point in time that the Driver and their assistants are "off the clock".

171. After the Driver swipes in for the post-trip EVIR system inspection, they must complete the inspection itself, clean out the bus, perform a sleeping child inspection, report any issues or problems to the office and return their equipment.

172. Plaintiffs estimate that, on average, six minutes elapse between the point in time between the driver logs in to the EVIR system for the post-trip inspection and the point in time they are ready to leave the yard.

173. First Student is not recording the time expended by their employees for these "postliminary activities" and the employees are not being paid for these postliminary activities.

174. The aforementioned postliminary activities are an essential element of the

Driver's duties under Federal and state law and pursuant to the defendant's own policies.

**(b) Shifting Time Keeping Burden**

175. When the driver logs into the EVIR system for the pre-trip inspection, an electronic message is given the FOCUS system notifying the system that the driver has commenced his pre-trip inspection; this becomes an entry in the Standard Hours Report as the "Task Start Time".

176. When the driver logs into the EVIR system for the post-trip inspection, another electronic message is given to the FOCUS system notifying the system the driver has commenced his post-trip inspection; this becomes an entry in the Standard Hours Report as the "End Task Time".

177. The elapsed time between the Task Start Time and the End Task time is compared to the Estimated Route Time and if the former is within a tolerance set in the Focus system the driver is paid for the Estimated Route Time.

178. Plaintiffs are entitled to be paid for all time worked including the time within the tolerance setting, plus the undocumented preliminary activity time and the postliminary activity time.

179. In the event the time between the Task Start Time and the End Task Time is greater than the Estimated Route Time plus the tolerance, the system is

designed to create an exception report.

180. These exception reports are routinely ignored and the driver/aide is only paid the Estimated Route Time, which is less than the time worked.

181. Where a driver does complain that they have not been paid for all time worked, pursuant to First Student's own written policy and procedure, the burden falls upon the complaining employee to "document" the extra time.

182. By failing to maintain accurate time records of time actually worked by the employee, rather than an estimated projected amount of time worked by an employee and by shifting the burden of demonstrating the actual time worked to an employee, where the duty lies solely with the employer pursuant to Federal and Pennsylvania state law, First Student has endemically and systematically violated both Federal and State law.

### (c)  Wait Time

183. When a driver is assigned a "charter run" and there is uncompensated time between the end of a regular run and the charter run, this time is designated "dead time".

184. First Student would, on many occasions, shift the time incurred on a charter run to a later pay period for the employee, thereby avoiding overtime payments.

185. Drivers and their assistants are not compensated for this time.

186. On a regular basis, when all of the drivers' hours are properly counted, the drivers work more than 40 hours per week.

187. Pursuant to the FLSA, plaintiffs and the members of the Proposed FLSA Class are entitled to be paid for all straight time worked during weeks their hours exceed forty (40) hours.

188. First Student has refused and continues to refuse to pay drivers and their assistants for all straight time worked.

189. The failure of First Student to pay for all straight time worked by the plaintiffs during all weeks these drivers worked more than forty (40) hours is a violation of the FLSA.

**WHEREFORE**, Plaintiffs pray for judgment awarding:

a) The certification of this matter as an "opt-in" class action under federal law; and,

b) Actual Damages, including back pay; and,

c) Liquidated Damages; and,

d) An extension of the limitations period applicable to this case to three years; and,

e) Imposition of counsel fees and costs; and,

f) Any and all other equitable remedies the court may deem appropriate.

## Count II

### (FLSA - Overtime Claims)

190. The factual allegations set forth in the forgoing paragraphs are repeated and realleged as if set forth here at length.

191. During the course of employment, Plaintiffs and members of the Potential FLSA Class, have, on regular occasions, worked more than forty hours per week.

192. The drivers' point of origin and point of termination for all trips, regular and charter are in the Commonwealth of Pennsylvania and any travel over interstate boundaries is *de minimis* when compared to the total number of miles driven by Plaintiffs in any given year.

193. Any interstate travel by any Plaintiff is not integral to that Plaintiff's job.

194. Under the FLSA, First Student is required to compensate Plaintiffs and the members of the Potential FLSA Class one and one half (150%) of their usual and customary compensation rate for all hours worked over 40 hours, including partial hours.

195. In an attempt to avoid this obligation, First Student divides the time expended into "Regular" and "Charter Rate" categories and under reports time actually worked by an employee.

196. As long as the number of hours does not exceed 40 for any given category,

even though the total number of hours worked in a given week exceeds forty (40) hours, the drivers and drivers' assistants would only be paid their usual rate of pay.

197. The failure to pay overtime rates for all hours worked in excess of 40 hours for any employee is a violation of the FLSA.

**WHEREFORE**, Plaintiffs pray for judgment awarding:

a) The certification of this matter as an "opt-in" class action under federal law; and,

b) Actual Damages, including back pay; and,

c) Liquidated Damages; and,

d) An extension of the limitations period applicable to this case to three years; and,

e) Imposition of counsel fees and costs; and,

f) Any and all other equitable remedies the court may deem appropriate.

## COUNT III

## (WPCL - Straight Time Claim)

198. The factual allegations set forth in the foregoing paragraphs are repeated and realleged as if set forth here at length.

199. Pursuant to the Pennsylvania state law, Plaintiffs and the members of the Proposed WPCL Class are entitled to be paid for all time they are required to be at their her place of work.

200. First Student has refused and continues to refuse to pay drivers and assistants for all time worked which is not overtime, i.e. "straight time".

201. The failure of First Student to pay for all straight time worked by is a violation of the Pennsylvania state law.

WHEREFORE, Plaintiffs pray for judgment awarding:

a)  The certification of this matter as an "opt-in" class action under state law; and,

b)  Actual Damages, including back pay; and,

c)  Liquidated Damages; and,

d)  Imposition of counsel fees and costs; and,

e)  Any and all other equitable remedies the court may deem appropriate.

## Count IV

## WPCL - Overtime Claims)

202. The factual allegations set forth in the forgoing paragraphs are repeated and realleged as if set forth here at length.

203. Under the Pennsylvania state law, First Student is required to compensate

Plaintiffs and the members of the Potential WPCL Class one and one half (150%) of their usual and customary compensation rate for all hours worked over 40 hours, including partial hours.

204. As set forth above, First Student has failed and refused to pay overtime as required by the Pennsylvania state law.

205. The failure to pay overtime rates for all hours worked in excess of 40 hours for any plaintiff or member of the Proposed WPCL Class is a violation of Pennsylvania state law.

**WHEREFORE**, Plaintiffs pray for judgment awarding:

a)  The certification of this matter as an "opt-in" class action under state law; and,

b)  Actual Damages, including back pay; and,

c)  Liquidated Damages; and,

d)  Imposition of counsel fees and costs; and,

e)  Any and all other equitable remedies the court may deem appropriate.

FOR THE PLAINTIFF(S):

Dated: December 1, 2015

_____
Patrick T. Cronin, Esquire
Cronin and Berkowitz
10000 Lincoln Drive East, Suite 202
Marlton, NJ  08053
Phone (856) 350-6200

FOR THE PLAINTIFF(S):

Dated: December 1, 2015

_____
Gerard J. Geiger, Esquire
Attorney ID No. PA44099
Newman, Williams, Mishkin, Corveleyn,
Wolfe, and Fareri, P.C.
712 Monroe Street
P.O. Box 511
Stroudsburg, PA 18360-0511
Phone (570) 421-9090