UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MARIBEL ROSARIO, *et al.*, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 5:15-cv-06478 |
| | : | |
| FIRST STUDENT MANAGEMENT LLC, | : | |
| and | : | |
| FIRST STUDENT INC., | : | |
| Defendants. | : | |

# O P I N I O N

**Joseph F. Leeson, Jr.**                                                                                         **May 10, 2019**
**United States District Judge**

Plaintiffs Nicole Tucker, Brenda Vera, and Jessica Marinez ("Named Plaintiffs") and Defendants First Student Management LLC, and First Student Inc. ("First Student" or "Defendants") (collectively "the Parties"), submitted Amended Joint Proposed Findings of Fact and Conclusions of Law, ECF No. 54-1, in support of their motion for approval of the parties' settlement pursuant to this Court's February 13, 2019 Order, ECF No. 50. The following findings of fact and conclusions of law in further support of their Joint Motion to Approve Settlement are taken substantially from the parties' Amended Joint Proposed Findings of Fact and Conclusions of Law.

**I. FINDINGS OF FACT**

**Procedural History**

1. On December 7, 2015, Plaintiffs filed a four-count Complaint in the United States District Court for the Eastern District of Pennsylvania alleging the following violations on behalf of 76 named plaintiffs: FLSA – Straight Time Claim (Count I); FLSA – Overtime Claims (Count

II); Wage Payment and Collection Law ("WPCL") – Straight Time Claim (Count III); and WPCL – Overtime Claims (Count IV).

2. All Plaintiffs are current and former bus drivers and monitors/aides who worked at bus yards across Pennsylvania.

3. Plaintiffs filed their claims as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. On August 16, 2016, the Court dismissed Count I with prejudice and Counts III and IV without prejudice.

5. On October 7, 2016, Plaintiffs filed an Amended Complaint adding additional factual allegations as to only three of the Named Plaintiffs and re-alleging Counts II through IV.

6. On March 23, 2017, the Court granted the majority of First Student's Second Motion to Dismiss only leaving Count II as to the three Named Plaintiffs (Nicole Tucker, Brenda Vera, and Jessica Marinez) on behalf of whom the specific allegations were made.

7. First Student filed an Answer shortly thereafter.

8. Currently, there are three Named and 195 Opt-In Plaintiffs (the three Named Plaintiffs and 195 Opt-In Plaintiffs will be referred to herein as "Plaintiffs").

**Allegations**

9. Plaintiffs allege that First Student failed to pay drivers and aides for allegedly performing compensable activities in between the time they arrived at their First Student location and the time that they boarded their respective buses to log-in to the Zonar system – a

2
050919

computerized system used to conduct their pre-trip inspections and to track their movements via a Global Positioning Satellite ("GPS") network.

10. Likewise, Plaintiffs allege that upon returning from their routes, they were not properly compensated for time spent performing their post-trip inspections and for alleged activities performed from the time they logged off of the Zonar system to the time that they left the facility.

11. First Student provides its drivers and monitors with a set schedule and requires them to report any work performed outside of the scheduled time.

12. First Student contends that the fixed schedule, along with time reported on the exception forms/logs, accurately reflects all time worked for drivers and aides.

13. First Student contends that its use of set schedules and exception reporting is a lawful policy under the FLSA.

**Discovery**

14. Before agreeing to mediation, the Parties engaged in extensive discovery.

15. Defendants provided Plaintiffs with written discovery responses, and document productions, including all earnings records, Zonar (GPS), and payroll data for all Plaintiffs (including those dismissed).

16. Plaintiffs provided discovery responses and document productions on behalf of the three Named Plaintiffs.

17. Defendants deposed the three Named Plaintiffs.

18. At their depositions, the three Named Plaintiffs provided inconsistent testimony as to the amount of time allegedly worked off the clock, indicating that there was a wide range of potential damages.

**Mediation and Terms of Settlement**

19. The Parties engaged in an in-person mediation with The Honorable Joel B. Rosen, U.S.M.J. (Ret.) on October 4, 2018.

20. The Parties have settled nine other matters with Judge Rosen in the past several years involving bus driver and bus driver aide wage issues; thus, Judge Rosen is deeply familiar with the Parties, issues, and data involved in this case.

21. The Parties reached a settlement whereby Plaintiffs have agreed to release any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, whether known or unknown, up to and including the date of this Agreement, including, but not limited to, (i) any and all claims asserted at any time in the litigation; (ii) any and all claims for unpaid wages, minimum wages, overtime, late payment of wages, vacation, commissions, bonuses, severance pay, retaliation for complaining about wages or for asserting wage-related claims, or any other wage-related or recordkeeping-related claims, damages including but not limited to back pay, liquidated damages, or relief of any kind under any federal, state, local, or other applicable law, including but not limited to the FLSA, 29 U.S.C. § 201, et seq., any and all claims under Pennsylvania law, including Pennsylvania's Wage Payment Collection Law, 43 Pa C. S. §260.1, or any other statutes and/or regulations regulating hours of work, minimum wages, overtime wages, the payment of wages, retaliation, or recordkeeping of any kind; and (iii) any and all claims under any federal, state, local or other applicable law for wages, overtime, hours worked, including any claims for breach of express

contract or labor agreement, implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, failure to keep accurate records, and any other claims under tort, contract, or quasi-contract theories, up through the date each Plaintiff signs the settlement agreement, and to dismiss this lawsuit with prejudice.

22. The Parties have prepared a Settlement Agreement and Release that memorializes the terms of their settlement, which is contingent upon approval of the Court. *See* Settlement Agreement and Release, ECF No. 48-1.

23. First Student agrees to pay Plaintiffs, the total agreed-upon amount of two-hundred forty-nine thousand nine-hundred and fifty-five dollars ($249,955.00) as a full and final settlement of this Action, which includes attorney fees, costs, and expenses, in accordance with the payment schedule set forth in Exhibit A to the parties' Amended Joint Proposed Findings of Fact and Conclusions of Law. *See* Exhibit A, ECF No. 54-2.

24. The total allocation of the settlement amount for distribution to Plaintiffs is $108,452.56 ("the Damages Portion of Settlement").

25. In order to receive their allocated settlement amount, each Plaintiff must execute the Parties' Settlement Agreement and Release, provide a Form W-4 and a Form W-9.

26. For any Plaintiff who does not execute the Parties' Settlement Agreement and Release, Plaintiffs' counsel shall dismiss their claims without prejudice and the $249,955.00 settlement amount shall be reduced by that Plaintiff's allocated portions of the settlement amount set forth in Exhibit A, including their wages, liquidated damages and allocated attorneys' fees, costs and expenses.

27. All Plaintiffs who execute the Settlement Agreement and Release will receive a prorated share of the $108,452.56, i.e. $547.74 per claimant.

28. The total allocation of the settlement amount for attorney fees, costs, and expenses is $141,502.44 ("the Counsel Fees and Costs Portion of Settlement").

## II. CONCLUSIONS OF LAW

29. "[I]n determining whether to approve a settlement for FLSA claims, a court must engage in a three-part analysis. First, the court must determine that the settlement concerns a bona fide dispute. Second, the court must determine that the settlement is fair and reasonable to the Plaintiff-employee. And, third, the court must determine that the agreement does not frustrate the implementation of the FLSA in the workplace." *Gabrielyan v. S.O. Rose Apts. LLC*, Civil Action No. 15-cv-1771(CCC-MF), 2015 U.S. Dist. LEXIS 135615, at *4 (D.N.J. Oct. 5, 2015).

### *The Settlement Concerns a Bona Fide Dispute*

30. There is a bona fide dispute between the Parties regarding whether Plaintiffs performed compensable work off-the-clock.

31. Plaintiffs alleges that they were not paid for all hours worked.

32. First Student denies any liability and contends that its system of paying to schedule with exception reporting is lawful and that employees were paid for all hours worked.

33. Plaintiffs' Complaint makes many fact-dependent allegations which First Student denies in its Answer.

34. Thus, there is a bona fide dispute that would otherwise require a trial to resolve.

### *The Settlement is Fair and Reasonable to Plaintiffs*

35. The settlement is fair and reasonable to Plaintiffs.

36. The FLSA does not provide recovery for allegedly unpaid straight time, and as such, only unpaid overtime is recoverable under the FLSA.

37. Thus, if they could establish liability, Plaintiffs would only be entitled to compensation for weeks during which they worked more than forty hours per week and only for those hours worked beyond forty.

38. Plaintiffs' counsel believes that the amount fairly and adequately compensates Plaintiffs within their window of estimated damages.

39. Plaintiffs' Counsel estimates that the calculated settlement amount of $547.74 represents 100% of the amount Plaintiffs could potentially recover at trial.

40. Plaintiffs' Counsel's estimate of 100% give the benefit of avoiding the risks of litigation (inconsistent testimony, jury opinions, legal risks, etc.).

41. Although Defendants vehemently deny any wrongdoing or illegal activity, the settlement amount falls within the range of liability Defendants believe Plaintiffs might reasonably be able to obtain at trial.

42. Defendants have also taken into account the costs of litigating this matter, including Plaintiffs being awarded their counsel fees if they were to prevail at trial.

43. Thus, the settlement is fair and reasonable to Plaintiffs.

***The Settlement Agreement Does Not Frustrate the implementation of the FLSA***

44. The settlement agreement does not frustrate the implementation of the FLSA as First Student continues to deny liability, and thus, resolution of this case would require a trial on the merits.

45. A trial on the merits would involve significant risks to Plaintiffs because of the fact-intensive nature of demonstrating liability on their claims, and in light of the defenses available to Defendants, which would pose substantial risk as to both liability and damages.

46. Among the defenses that First Student would argue are that any uncompensated time is *de minimis* and that many Plaintiffs were exempt from overtime under the Motor Carrier Act, 29 U.S.C. § 213(b)(1), as a result of the interstate charter work which is an essential and regular part of many First Student bus drivers' jobs at particular facilities.

47. Further, should this case not resolve, Defendants intend to argue that this case is not appropriate for class and collective treatment.

48. Accordingly, the settlement agreement does not frustrate the purposes of the FLSA.

*Plaintiffs' Counsels' Fees and Costs are Fair and Reasonable*

49. Plaintiffs' Counsel has submitted its certifications in support of its application for counsel fees and costs. *See* Exhibit A, Brief in Support of Joint Motion to Approve the Settlement and Dismiss the Case with Prejudice, ECF No. 41-1; Certification of Patrick T. Cronin, ECF No. 41-2, 3; Certification of Steven A. Berkowitz, ECF No. 41-4; Affidavit of Gerard J. Geiger and Robert J. Kidwell, ECF No. 41-5.

50. Plaintiffs' Counsels' discounted rate of $221.16/hr. is less than the average rate for attorneys of the experience level of Plaintiffs' Counsel and is reasonable.

51. The amount of time spent by Plaintiffs' Counsel is fair and reasonable.

52. Based on the two basic methods for calculating attorneys' fees, Plaintiffs' Counsels' fees and costs are fair and reasonable.[1]

**III. CONCLUSION**

For the reasons stated above, the Court finds that the terms of the settlement agreement are a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1] The two basic methods for calculating attorneys' fees are the percentage-of-recovery method and the lodestar formula. *See In Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998) (describing the percentage-of-recovery and the lodestar methods for calculating attorneys' fees). Although the allocation of counsel fees is not within the roughly 20-45% of the recovery range generally considered *per se* reasonable in the United States Court of Appeals for the Third Circuit, *see Mabry v. Hildebrandt*, No. 14-cv-5525, 2015 U.S. Dist. LEXIS 112137, at *8-9 (E.D. Pa. Aug. 24, 2015) (collecting cases); *see also Altnor v. Preferred Freezer Servs.*, 197 F. Supp. 3d 746, 768 (E.D. Pa. 2016) (using a benchmark of one-third of the settlement fund to determine reasonableness), the Court is satisfied with the award of fees and costs here for several reasons. First, the fees and costs being approved were determined a calculation using the loadstar formula. Second, the factors for consideration in a percentage of recovery analysis weigh in favor of an award of counsel fees. S*ee Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 533 (E.D. Pa. 2016) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000)). Lastly, and most notably, Plaintiffs will receive 100% of the amount estimated by counsel to be potentially recoverable at trial.